UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

NOT FOR ELECTRONIC OR PRINT
PUBLICATION

FILED
U.S. DISTRICT COURT, E.D.N.Y.
★   2007 ★
BROOKLYN OFFICE

JIN WON KIM,

           Plaintiff,

  -against-

DAVID J. DOLMER,

           Defendant.
------------------------------------------------------x

MEMORANDUM AND ORDER
06-CV-6545 (ARR)

ROSS, United States District Judge.

Plaintiff Jin Won Kim, a resident of Queens, New York, brings this *pro se* action against defendant David J. Dolmer, a resident of Ontario, Canada. Plaintiff has paid the requisite filing fee to bring this action. For the reasons discussed below, the Court finds that it lacks subject jurisdiction over plaintiff's complaint. Plaintiff is granted leave to amend his complaint to demonstrate a good faith basis for satisfying the amount in controversy requirement. Otherwise, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On October 4, 2005, plaintiff purchased a Noritsu Photo Minilab ("minilab") for $8500 from defendant on eBay[1] via PayPal.[2] Compl. at 1. Plaintiff also paid $1425 to have the item

---

[1] eBay is an Internet auction website which acts as a venue for sellers to list items and buyers to bid on items. "Once an auction has been won, the seller and buyer generally determine between them the method and timing of shipping and payment, and in that context, communicate directly with each other." U.S. v. Yeung, No. 02 CR 1307, 2003 WL 1964380, at *1 (S.D.N.Y. April 25, 2003).

[2] PayPal is a wholly-owned subsidiary of eBay which is a payment system that provides a means by which online payments can be sent and received.

1

shipped to his photo printing store located in Brooklyn, New York. Id. Plaintiff alleges the minilab was delivered to him at his photo store in Brooklyn, New York on October 25, 2005, but he refused to take delivery because the Minilab was in "unacceptable condition." Compl. at 1 and Exhibit C. Plaintiff states that he and defendant then agreed that defendant would file a claim on plaintiff's behalf. Compl. at 1 and Exhibit D. By email dated February 28, 2006, defendant notified plaintiff that he had another minilab to send plaintiff that was "absolutely perfect." Compl. at 1 and Exhibit E. On March 16, 2006, defendant's claim was granted and he was reimbursed for the first damaged minilab. Compl. at 1 and Exhibit F. On November 10, 2006, defendant informed plaintiff via email that plaintiff could pick-up the second minilab from a warehouse in New Jersey. Compl. at Exhibit G. Plaintiff states that on November 30, 2006, he rented a Uhaul truck and attempted to pick-up the minilab at a warehouse in Burlington, New Jersey, but "[u]pon arrival, minilab is assessed and deemed unusable and unacceptable. (Exhibit H) After questioning the warehouse clerk the status and source of this minilab, communicates that it has been there since January 2006 and was refused by another photo store in Brooklyn because of the atrocious condition it was in (Exhibit I)." Compl. at 2. Plaintiff filed the instant action seeking to recover $8,500 for the minilab, $1425 for shipping costs, $55 for the Uhaul rental fee, $20 for transportation costs and $350 for the filing of the instant action. Plaintiff states that his damages total $10,350. Compl. at 2, ¶ IV.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Lerman v. Bd. of

Elections, 232 F.3d 135, 140 (2d Cir. 2000); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); Lehman v. Discovery Communications, Inc., 217 F.Supp.2d 342, 347 (E.D.N.Y. 2002) (*pro se* status does not exempt party from compliance with relevant rules of procedural and substantive law).

While the Court is sympathetic to plaintiff's situation, the subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., --- U.S. ----, ----, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal question jurisdiction and § 1332 provides for diversity of citizenship jurisdiction. Id. Federal question jurisdiction is not available in the instant action under 28 U.S.C. § 1331, as plaintiff's claim pertains to a private breach of contract dispute concerning the purchase of photo printing equipment and does not present a federal claim. Arbaugh, 126 S.Ct. at 1244 ("A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States.") (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)).

A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, which is currently $75,000. Id. (citing § 1332(a)). Here, complete diversity exists among the parties; nevertheless "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase

3

Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)) This determination is made based upon the plaintiff's allegations, and not based upon the merits of the case. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1984)). Moreover, "with mounting federal case loads, ... it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" Tongkook, 14 F.3d at 784 (quoting Deutsch v. Hewes St. Realty Corp., 359 F.2d 96, 98 (2d Cir. 1996)) (parentheticals in original). Here, plaintiff seeks $10,350 in damages from defendant and plaintiff has not shown to a "reasonable probability" that his claim is for an amount in excess of the $75,000 jurisdictional threshold. Chase Manhattan Bank, 93 F.3d at 1070.

However, "before determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." Id. (internal quotation marks omitted). The Court notes that plaintiff alleges that he has lost business as a result of defendant's actions, but he does not attempt to quantify a claim for compensatory damages in his complaint. The Court further notes that plaintiff has paid the requisite filing fee. Taking these factors into consideration, the Court grants plaintiff leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to demonstrate a good faith basis for asserting that his claim satisfies the amount in controversy requirement.

## CONCLUSION

For the reasons explained above, the Court finds that it lacks subject matter jurisdiction over plaintiff's complaint. Plaintiff is granted leave to file an amended complaint within thirty days from service of this order if he can demonstrate a good faith basis for satisfying the amount in controversy requirement. Otherwise, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
January 8, 2007